UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

ANTHONY NASTASI, NASTASI & ASSOCIATES, INC., JACKSON AVENUE SUPPLY, LLC, 511 JACKSON REALTY LLC, 240 MADISON STREET REALTY, LLC,

                      Plaintiffs,

   -against-

MICHELLE LARI,

                      Defendant.

**ORDER**
15-CV-06066 (SIL)

-----------------------------------------------------------------------X

MICHELLE LARI,
                      Counterclaimant,

   -against-

ANTHONY NASTASI,

                      Counterdefendant.

-----------------------------------------------------------------------X

**LOCKE, Magistrate Judge:**

Presently before the Court on diversity grounds in this tort and breach of contract litigation is the Plaintiffs' – Anthony Nastasi; Nastasi and Associates, Inc.; Jackson Avenue Supply, LLC; 511 Jackson Realty, LLC; and 240 Madison Street Realty, LLC ("Plaintiffs" or "Nastasi") – motion to amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a) ("Rule 15a"). [1]  See Plaintiffs' October 4, 2016

---

[1] The parties consented to the Court's jurisdiction on October 14, 2016, pursuant to 28 U.S.C. § 636(c). See DE [49]. Accordingly, this matter was referred to the Court for all further proceedings. DE [52].

1

Letter Motion ("Pl. Mot. to Amend"), Docket Entry ("DE") [45]. The Defendant, Michelle Lari ("Defendant" or "Lari"), opposes. *See* Defendant's Reply in Opposition to Plaintiffs' Motion to Amend the Complaint to Add New Parties ("Def. Opp."), DE [41]. For the reasons set forth herein, Plaintiffs' motion is denied in its entirety.

## I. RELEVANT BACKGROUND

### A. The Parties

From 2011 through 2014, Plaintiff Anthony Nastasi, a New York resident, was a close associate of and romantically interested in Lari, a current resident of Los Angeles, California. *See* Complaint ("Compl."), DE [1], ¶ 1; Proposed Amended Complaint ("Amend. Compl."), DE [37], ¶¶ 12-13, 29-30. He is the sole principal and owner of all the other named plaintiffs, which are New York State limited liability companies operating and headquartered in New York. *See* Compl. ¶ 1. Jacobo Piwko and Gricelda Piwko (collectively, the "Piwkos"), whom the Defendant seeks to join in this action, are the Defendant's parents and Florida residents. *See* Amend. Compl. ¶ 9.

### B. The Allegations

Plaintiffs allege that Defendant's affection for Plaintiff Anthony Nastasi was a confidence scheme in that Lari feigned romantic interest in him to gain access to Plaintiffs' wealth and assets. *See* Amend. Compl. ¶¶ 76-80. Over the course of their relationship, Plaintiffs made transfers to Defendant totaling approximately $477,436.55 that they assert were multiple six-month, no-interest, renewable loans that all have since come due and are presently still in default. *See id.* ¶ 78. During

this same time, Plaintiffs also made gifts to Defendant totaling $299,977.96 in jewelry, clothing, pocketbooks, shoes, and concert tickets. *See id.* ¶ 76.

In response to Defendant's alleged refusal to repay the outstanding loans, Plaintiffs assert causes of action for breach of oral agreement and unjust enrichment. *See* Compl. ¶¶ 27-56. On September 26, 2016, the Court granted Plaintiffs' motion for leave to amend the Complaint to include additional claims against Lari of fraud and conversion, but denied without prejudice their application to add causes of action against the Piwkos. *See* DE [42].

On October 4, 2017, Plaintiff renewed their application to amend the complaint to include a cause of action against the Piwkos for unjust enrichment. *See* Pl. Mot. to Amend; Amend. Compl. ¶¶ 94-103.[2] In the Proposed Amended Complaint, Plaintiffs allege that Nastasi wired $50,000 into Defendant's bank account on February 25, 2013 as part of an oral agreement to loan Lari that money and that Defendant later gave $35,000 of that money to her parents, the Piwkos. *See* Amend. Compl. ¶¶ 95, 98. Plaintiffs also assert that because Lari did not give Nastasi authorization to make the deposits into her accounts and because she denies that there ever was a loan agreement, she had no right to any part of the money at issue. *See id.* ¶¶ 96-97, 100-01. Based upon the foregoing, Plaintiffs demand that the Piwkos repay the $35,000 with interest under a theory of unjust enrichment. *See id.* In support of this relief,

---

[2] Both Plaintiffs and Defendant reference an additional cause of action for "Money had and received." *See* Pl. Mot. to Amend at 1; Def. Opp. § I.C. The Proposed Amended Complaint, however, contains only one additional claim for unjust enrichment. *See* Amend Compl. ¶¶ 94-103. Accordingly, the Court here addresses the only amendment that Plaintiffs have actually articulated in the Proposed Amended Complaint.

3

Nastasi argues that it is immaterial that the Piwkos are "innocent of wrongdoing in receiving [P]laintiffs' monies" because unjust enrichment does not require substantiating prior dealings or malice, only that the money at issue has been "transferred directly from [P]laintiffs' account to theirs (albeit by a third party/defendant Michelle Lari)." Pl. Mot. to Amend at 2 (citing *T.D. Bank, N.A. v. JP Morgan Chase Bank, N.A.,* 10-CV-2843, 2010 WL 4038826, at *5 (E.D.N.Y. Oct. 14, 2010) (finding elements of unjust enrichment properly pled where plaintiff was fraudulently induced to transfer $2.09 million into a bank account that was otherwise empty and created for the sole purpose of receiving the funds, after which, within days approximately 99 percent of those funds had been transferred out of the HSBC account into defendant's account)). Were the Court to determine that it is necessary for Plaintiffs to demonstrate a more direct relationship between the Piwkos and Nastasi, Plaintiffs offer in their papers additional facts they could plead including that the Piwkos used Nastasi's skybox at Madison Square Garden to attend a Rangers NHL hockey game, that Plaintiffs purchased tickets to the Jersey Boys musical and the Christmas Spectacular at Radio City Music Hall for the Piwkos, and that Nastasi paid for them to eat Thanksgiving dinner at Scotto. *Id* at 3. Additionally, Plaintiffs assert that Griselda Piwko was aware of Lari's ongoing relationship with Plaintiff Anthony Nastasi and, finally, that Defendant requested a $250,000 loan to purchase a new house for her parents. *See id.*

In opposition, Defendant initially argues that the amendments regarding the Piwkos are futile due to a lack of both subject matter and personal jurisdiction. *See*

4

Def. Opp. § I.A. Alternatively, Lari argues that the Proposed Amended Complaint must be dismissed because Plaintiffs failed to plead enough facts as could substantiate the requisite nexus between the Piwkos and Plaintiffs to sustain a charge of unjust enrichment. *See id.* at I.B-C. Finally, Lari urges the Court to deny Nastasi's application because it is made in bad faith, with undue delay, and would cause prejudice to accrue to the Defendant. *See id.* at § I.D-F.

## II. LEGAL STANDARD

Motions to amend pleadings are governed by Rule 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012) ("A court should freely give leave [to amend] when justice so requires and such leave is in the court's discretion.") (internal quotation omitted); *Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D. 400, 404 (E.D.N.Y. 1995) ("Federal Rule of Civil Procedure 15(a) dictates that motions to amend complaints be liberally granted absent a good reason to the contrary . . . ."). Motions to add parties are governed by Federal Rule of Civil Procedure 21 ("Rule 21") and are afforded the "same standard of liberality afforded to motions to amend pleadings under Rule 15." *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011); *see* Fed. R. Civ. P. 21; *Amaya*, 285 F.R.D. at 253 ("There is . . . little practical difference between Rule 15 and Rule 21 since they both leave the decision whether to permit or deny an amendment to the district court's discretion.").

Therefore, leave to amend a complaint should only be denied "if there is delay, bad faith, futility, or prejudice to the non-moving party." *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). An amendment is futile if "the proposed claim could not withstand a … motion to dismiss." *Salazar v. Browne Realty Assocs., L.L.C.*, 796 F. Supp. 2d 378, 383 (E.D.N.Y. 2011). Therefore, a proposed amended complaint must "contain enough allegations of fact to state a claim for relief that is 'plausible on its face.'" *Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 451 (E.D.N.Y. 2014) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). When a party opposes a motion to amend on futility grounds, "the moving party must merely show that it has at least colorable grounds for relief." *Copantitla v. Fiskardo Estiatorio, Inc.*, 09 Civ. 1608, 2010 WL 1327921, at *3 (S.D.N.Y. Apr. 5, 2010) (internal quotation omitted). The party opposing a motion to amend bears the burden of establishing that the amendment should be denied. *See Joinnides v. Floral Park–Bellerose Union Sch. Dist.*, 12-CV-5682, 2015 WL 1476422, at *9 (E.D.N.Y. Mar. 31, 2015) ("With respect to the Rule 15(a) factors, '[t]he party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial or futile.'") (quoting *Cummings–Fowler v. Suffolk Cty. Cmty. Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012)). Accordingly, on a motion to amend, "the Court is required to accept the material facts alleged in the amended complaint as true and draw reasonable inferences in the plaintiff's favor." *Mendez*, 2

F. Supp. 3d at 451 (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79, 129 S. Ct. 1937, 1949 (2009)).

### III. DISCUSSION

In examining the alleged futility of the Proposed Amended Complaint, before considering its the factual sufficiency, the Court first turns to whether jurisdiction over the new claim and the new parties the amendment seeks to join is proper. *See Certain Underwriters, Subscribing To Policy Numbers DG055707, DG061908, 4N65010001, RMP201072954 & PCA9002942-00 v. LLC Doncasters, Inc.,* 3:10-CV-00915, 2011 WL 1217169, at *4 (D. Conn. Mar. 30, 2011) (noting that the motion to amend cannot be considered until the motion to dismiss on jurisdictional grounds has been decided).

#### A. <u>Subject Matter Jurisdiction</u>

As the amount in controversy alleged against the Piwkos is below $75,000, the Court lacks subject matter jurisdiction over the claims against them and thus cannot grant Plaintiffs' motion to amend because such an amendment would rightly be subject to a motion to dismiss. Preliminarily, a cause of action "is properly dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). When a court reviews a motion to dismiss for lack of subject-matter jurisdiction, it "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to [the] plaintiff[ ]." *J.S. ex rel. N.S. v. Attica*

*Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). In this context, the plaintiff "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

When applied to the present matter, where the diversity of the parties is undisputed, the only question remaining as to subject matter jurisdiction is whether the "amount in controversy" exceeds the statutory threshold of $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a). A plaintiff may satisfy this jurisdictional minimum by aggregating claims against multiple defendants, but only when their liability is common, undivided, or joint. *Esmilla v. Cosmopolitan Club,* 09 CIV. 10169, 2011 WL 814007, at *4 (S.D.N.Y. Mar. 3, 2011) (citing *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.,* 160 F.3d 925, 933–35 (2d Cir. 1998) (finding that, in diversity actions, "several liabilities of different defendants to the same plaintiff cannot be aggregated to satisfy the jurisdictional minimum) (internal quotation omitted)). By contrast, when defendants' liabilities are several and distinct, the amount in controversy threshold must be met with respect to each and every individual defendant regardless of whether the claims are temporally proximate or factually interrelated. *See Green v. Doukas,* 97 CIV. 8288, 2001 WL 767069, at *2 (S.D.N.Y. June 22, 2001) (quoting 1 J.W. Moore, Federal Practice ¶ 0.97[2] (2d ed. 1995) ("'[A]ggregation is allowed when the defendants' liability to the plaintiff is common, undivided, or joint. It is not allowed when the defendants' liability is several, or if the claims against them are separate and distinct from one another.'"); *Congram v. Giella,* 91 Civ. 1134, 1992 WL 349845, at *3 (S.D.N.Y. Nov. 10, 1992)

8

(quoting J.W. Moore, Federal Practice ¶ 0.97[2]) (holding that plaintiff could not aggregate claims against co-defendants that relied on different bases of liability, as "'[a]ggregation depends upon the nature of the defendants' liability to the plaintiff rather than on the source of the right to sue or transactional relatedness of the claims'").

Plaintiffs allege that Defendant transferred to the Piwkos $35,000 that rightfully belongs to Nastasi and, thus, seek to assert a claim of unjust enrichment against them. *See* Amend. Compl. ¶¶ 95-98. As set forth by Plaintiff, the sole basis for the Court's jurisdiction over this additional state law claim is diversity. *See* Amend. Compl. ¶ 9. Additionally, there is no assertion that the Piwkos are jointly liable for any of the damages attributed to Lari beyond the $35,000 that she allegedly transferred to them. *See id.* There are no allegations that the Piwkos acted affirmatively, with malice, or had any meeting of the minds with Defendant regarding the transfer of the funds or any of Lari's other allegedly tortious conduct. *See* Amend. Compl. ¶¶ 93-103. Therefore, there is no support for a contention that they and Defendant were jointly liable for any amount in excess of the $35,000 that they purportedly received from their daughter. *See id.* Accordingly, Plaintiffs cannot aggregate this amount with the much larger sum they seek from Defendant directly on their other claims for fraud, conversion, breach of oral agreement, and unjust enrichment because these claims do not give rise to common, undivided or joint liability with the Piwkos for an amount exceeding $75,000. *See Esmilla*, 2011 WL 814007, at *5 (on a diversity matter, denying motion to amend the complaint where

9

liability with otherwise joinable defendants was several and state-law claims failed to exceed the statutory minimum).

Although supplemental jurisdiction, as set forth in 28 U.S.C. § 1367, often allows a court with original jurisdiction over at least one claim to hear other, related claims, section 1367 does not allow a plaintiff to circumvent the jurisdictional limit in a diversity matter. *Congram*, 1992 WL 349845, at *3 (noting that, in a case where original jurisdiction is grounded solely in section 1332, the aggregation rules of section 1332 apply in determining whether the Court has supplemental jurisdiction under section 1367 over claims by a plaintiff). For, although section 1367(a) provides,

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution,

the exception created by section 1367(b) is applicable here. *See* 28 U.S.C. § 1367(a). Section 1367(b) clearly states that when subject matter jurisdiction is founded solely upon diversity,

> "the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b).

Here, Plaintiffs' proposed unjust enrichment claim against the Piwkos would sufficiently relate to the other claims against Lari, which fall within the Court's original jurisdiction, to be considered part of the same case or controversy under

10

Article III. *See Esmilla*, 2011 WL 814007, at *5 (noting that corporate officers' individual roles in plaintiff's termination were properly related to the original cause of action against employer as to make them joinable). However, as original jurisdiction in this case is based solely on diversity and as the Piwkos would be made defendants as permissive parties under Rule 20, *see* Fed. R. Civ. P. 20(a)(2), "the Court may not exercise supplemental jurisdiction over Plaintiff[s'] proposed claim, if doing so would be inconsistent with the jurisdictional requirements of Section 1332," specifically the $75,000 threshold. *Esmilla*, 2011 WL 814007, at *5; *Green*, 2001 WL 767069, at *2 (dismissing claims against proposed additional diverse parties over whom the court would not have had original jurisdiction because the amount in controversy with respect to each of them was under $75,000 and liability was several).

As explained above, Plaintiffs' proposed claim against the Piwkos does not meet the amount-in-controversy requirement of Section 1332. *See supra* at 8-10. Accordingly, Section 1367 cannot provide a basis for jurisdiction. *See Green*, 2001 WL 767069, at *2 (citing *Am. Bldg. Maint. Co. v. 1000 Water Street Condo. Assoc.*, 9 F. Supp. 2d 1028, 1031–32 (E.D. Wisc. 1998) (holding that the district court could not exercise supplemental jurisdiction over diverse party permissibly joined as a defendant, unless the plaintiff's claims against this party independently satisfied the amount-in-controversy requirement)). Based on the foregoing, the Court denies Plaintiffs' motion for leave to amend as it lacks subject matter jurisdiction over the proposed unjust enrichment claim against the Piwkos, rendering the amendment subject to a motion to dismiss and thus futile.

## B. Personal Jurisdiction

Even were the amount in controversy to surpass the statutory requirement of $75,000, Plaintiffs' motion would nevertheless be denied because the Court lacks personal jurisdiction over the Piwkos. Personal jurisdiction in a diversity case is determined by the law of the state in which the district court sits so long a state's assertion of jurisdiction does not violate a party's due process rights under the United States Constitution. *See SAS Grp., Inc. v. Worldwide Inventions, Inc.*, 245 F. Supp. 2d 543, 547-48 (S.D.N.Y. 2003) (citing *Kernan v. Kurz–Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999); *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996) (quoting *Arrowsmith v. United Press Int'l,* 320 F.2d 219, 223 (2d Cir.1963)) ("'[T]he amenability of a foreign corporation to suit in a federal court in a diversity action is determined in accordance with the law of the state where the court sits, with federal law entering the picture only for the purpose of deciding whether a state's assertion of jurisdiction contravenes a constitutional guarantee.'").

As it is not disputed that the Piwkos are neither residents nor domiciliaries of New York; *see* Amend. Compl. ¶¶ 9, 93-103; Def. Opp.; a claim of personal jurisdiction over them must be premised on Section 302(a) of New York's long-arm statute. That statute provides that a court may obtain jurisdiction over a non-domiciliary defendant if it:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it
    i. regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
    ii. expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
4. owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. 302(a).

Plaintiff has not pled any facts as would support a finding of personal jurisdiction under subsections 1, 2, 3, or 4 above. Subsections 1 and 4 are wholly inapplicable to the present case as the Piwkos are individuals and no specific facts regarding their businesses, employment, or holdings have been raised in the pleadings. *See* Amend. Compl. ¶¶ 9, 94-103. Additionally, Plaintiffs' claim for unjust enrichment cannot satisfy the requirements of subsections 2 or 3 because unjust enrichment is not properly classified as a tortious act. Unlike a tort, which is founded in law, unjust enrichment is a claim rooted in equity. *See Miller v. Schloss*, 218 N.Y. 400, 407, 113 N.E. 337 (1916) (holding the claim to be based on "the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another"). Unjust enrichment is "a 'quasi-contract claim' and contemplates 'an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties.'" *Campione v. Campione*, 942 F. Supp. 2d 279, 283 (E.D.N.Y. 2013) (quoting *Georgia Malone & Co., Inc. v. Rieder*, 19 N.Y.3d 511, 516, 950 N.Y.S.2d 333, 336, 973 N.E.2d 743, 746 (2012) (internal quotation marks and

13

citations omitted)). As Plaintiffs properly contend, the elements of unjust enrichment do not require any proof regarding the *mens rea* of or acts by the liable party. *Compare* Pl. Mot. at 1-2 *with Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182, 919 N.Y.S.2d 465, 944 N.E.2d 1104 (2011) (brackets and internal quotation marks omitted) (holding that adequately pleading unjust enrichment requires a plaintiff to allege "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered"). Regarding the Piwkos, Nastasi has pled only that they are in possession of funds that belong to Plaintiffs and not that they have committed any other acts either within or outside the State of New York. *See* Amend. Compl. ¶¶ 99-103. As a consequence, neither subsection 2 nor subsection 3 provide any basis to assert personal jurisdiction over the Piwkos, because the cause of action asserted against them does not constitute a tortious act.

Accordingly, as this Court lacks personal jurisdiction over the parties that Plaintiffs seek to add through the Proposed Amended Complaint, the Court again denies the motion as the amendment is subject to dismissal and thus futile. *See* Fed. R. Civ. P. 12(b)(2).[3]

---

[3]Though the Defendant also disputes Plaintiffs' argument that the Proposed Amended Complaint properly articulates a cause of action for unjust enrichment against the Piwkos, because the Court lacks both subject matter jurisdiction over the proposed claim and personal jurisdiction over the proposed parties, the Court declines to examine the factual sufficiency of the pleadings themselves. *Cf.* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte,* at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory."); *Jackson v. AFSCME Local 196,* 3:07–CV–471, 2008 WL 544730, at *2-3 (D. Conn. Feb. 25, 2008) (holding that a

## IV. CONCLUSION

For the reasons set forth herein, Plaintiffs' present motion to amend the Complaint is denied in its entirety.

Dated: Central Islip, New York
March 9, 2017

**SO ORDERED**

s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge

---

court must deny a motion to amend the complaint if the Court lacks subject matter jurisdiction over the claims set forth in the proposed amended complaint).